## Legal Reserve Securities.

*Banks—Reserve funds—Mandamuses of city—Bonds—Acts of 1889, 1907 and 1917.*

1. Mandamuses of the City of Philadelphia, which are short-term obligations issued in compliance with orders of court, are not legal reserve securities in computing the reserve funds of banks and trust companies within the provisions of sections 2 and 3 of the Act of May 8, 1907, P. L. 189, as amended by the Act of July 11, 1917, P. L. 791.

2. Such mandamuses are not "bonds issued in compliance with law by any city" within the language of the Act of May 8, 1907, P. L. 189, nor as used in section 17 of the Act of May 20, 1889, P. L. 246.

3. The word "bonds" as used in the statute contemplates bonds as that term is used by the investing public.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

WAGNER, Dep. Att'y-Gen., June 1, 1927.—You have requested our opinion whether mandamuses of the City of Philadelphia, which are short-term obligations issued in compliance with orders of court, are to be regarded as legal reserve securities in computing the reserve funds of banks and trust companies within the provisions of the Act of May 8, 1907, P. L. 189, and the amendments thereto.

Legal Reserve Securities.

Sections 2 and 3 of the Act of May 8, 1907, as amended by the Act of July 11, 1917, P. L. 791, provide for reserve funds of 15 per cent. of the aggregate of immediate demand liabilities and of 7½ per cent. of the aggregate of time deposits. One-third of both these reserve funds may consist of "bonds of the United States, bonds of the Commonwealth of Pennsylvania and bonds issued in compliance with law by any city, county or borough of the Commonwealth of Pennsylvania, and bonds which now are or hereafter may be authorized by law as legal investments for savings banks or savings institutions in Pennsylvania, computed at their par value, and which bonds are the absolute property" of the bank or trust company setting up said reserve funds.

Legal investments for savings banks or savings institutions in Pennsylvania are enumerated in section 17 of the Act of May 20, 1889, P. L. 246, which is as follows:

"It shall be lawful for the trustees of any saving bank to invest money deposited therein only as follows:

"First. In the stocks or bonds of interest-bearing notes or the obligations of the United States, or those for which the faith of the United States is pledged to provide for the payment of the interest and the principal.

"Second. In the stocks or bonds of the Commonwealth of Pennsylvania bearing interest.

"Third. In the stocks or bonds of any state in the Union that has not, within ten years previous to making such investments by such corporation, defaulted in the payment of any part of either principal or interest of any debt authorized by any legislature of such state to be contracted.

"Fourth. In the stocks or bonds of any city, county, town or village of any state of the United States issued pursuant to the authority of any law of the state, or in any interest-bearing obligation issued by the city or county in which such bank shall be situated.

"Fifth. In bonds and mortgages on unincumbered improved real estate situate in this State."

The above section is the only enactment in Pennsylvania relative to legal investments for savings banks which it is necessary to consider in the discussion of the question presented.

Mandamuses are obviously not "bonds issued in compliance with law by any city, county or borough of the Commonwealth of Pennsylvania" within the language of the Act of May 8, 1907, as amended. Whether they are "bonds which now are or hereafter may be authorized by law as legal investment for savings banks or savings institutions in Pennsylvania" within the language of said act, must be determined by a construction of the language "stocks or bonds of any city, county, town or village of any state of the United States issued pursuant to the authority of any law of the state, or in any interest-bearing obligation issued by the city or county in which such bank (saving bank) shall be situated," as used in the fourth paragraph of section 17 of the Act of May 20, 1889.

It will be noted that, although savings banks are permitted to invest in *stocks or bonds* of any of the designated municipalities of the United States or in *interest-bearing obligations* of the city or county in which the bank is situated, the investment of the reserve funds referred to above is restricted to *bonds* which are legal investments for savings banks; also, that all of the securities enumerated for the investment for such reserve funds are *bonds* which are to be computed at their *par value*. The word "bonds," as used in the statute, contemplates "bonds" as that term is used by the investing public. Further, the nature of the reserve funds established by the Act of May 8,

1907, and the provisions relative to the constitution of such reserve funds indicate quite clearly that such reserve funds are to consist only of quick assets readily convertible into cash at any time.

It is our opinion that mandamuses of the City of Philadelphia are not within the class of investments contemplated by sections 2 and 3 of the said Act of May 8, 1907, as amended.

From C. P. Addams, Harrisburg, Pa.